IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:17-CV-003-RJC-DCK

| JEWEL R. MITCHELL, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | **MEMORANDUM AND RECOMMENDATION** |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) ) ) ) | |
| Defendant. | ) ) | |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion For Summary Judgment" (Document No. 12) and the Commissioner's "Motion For Summary Judgment" (Document No. 14). This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B). After careful consideration of the written arguments, the administrative record, and applicable authority, the undersigned will respectfully recommend that Plaintiff's "Motion For Summary Judgment" be denied; that the Commissioner's "Motion For Summary Judgment" be denied; and that the Commissioner's decision be vacated, and this matter be remanded for further proceedings.

BACKGROUND

Plaintiff Jewel R. Mitchell ("Plaintiff"), through counsel, seeks judicial review of an unfavorable administrative decision on his application for disability benefits. (Document No. 1). On or about January 19, 2013, Plaintiff filed applications for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 405, and for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. § 1383, alleging an inability to work due to a disabling condition beginning May 17, 2012. (Transcript of

the Record of Proceedings ("Tr.") 33, 196, 198). The Commissioner of Social Security (the "Commissioner" or "Defendant") denied Plaintiff's application initially on June 14, 2013, and again after reconsideration on July 15, 2013. (Tr. 112, 118, 126, 136). In its "Notice of Reconsideration," the Social Security Administration ("SSA") included the following explanation of its decision:

> The medical evidence shows that your condition is not severe enough to be considered disabling. We realize that your condition keeps you from doing any of your past jobs, but it does not keep you from doing less demanding work. Based on your age, education, and past work experience, you can do other work. It has been decided, therefore, that you are not disabled according to the Social Security Act.

(Tr. 136).

Plaintiff filed a timely written request for a hearing on or about August 7, 2013. (Tr. 33, 144). On May 4, 2015, Plaintiff appeared and testified at a video hearing before Administrative Law Judge Patrick R. Digby (the "ALJ"). (Tr. 33, 45-65). In addition, Patsy V. Bramlett, a vocational expert ("VE"), and Jamie L. Johnson, Plaintiff's attorney, appeared at the hearing. Id.

The ALJ issued an unfavorable decision on July 21, 2015, denying Plaintiff's claim. (Tr. 30-40). On September 16, 2015, Plaintiff filed a request for review of the ALJ's decision, which was denied by the Appeals Council on November 4, 2016. (Tr. 1, 26). The ALJ decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's review request. (Tr. 1).

Plaintiff's "Complaint" seeking a reversal of the ALJ's determination was filed in this Court on January 3, 2017. (Document No. 1). On February 1, 2017, the undersigned was assigned to this case as the referral Magistrate Judge. Plaintiff's "Motion For Summary Judgment"

(Document No. 12) and "Plaintiff's Memorandum In Support Of Motion For Summary Judgment" (Document No. 13) were filed June 14, 2017; and the Commissioner's "Motion For Summary Judgment" (Document No. 14) and "Memorandum In Support Of The Commissioner's Motion For Summary Judgment" (Document No. 15) were filed July 24, 2017. "Plaintiff's Response To Defendant's Motion For Summary Judgment" (Document No. 16) was filed August 7, 2017.

The pending motions are ripe for disposition, and therefore, a memorandum and recommendation to the Honorable Robert J. Conrad, Jr. is now appropriate.

## STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner applied the correct legal standards. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner − so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012). "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599

(4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistences in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## DISCUSSION

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, at any time between May 17, 2012, and the date of his decision.[1] (Tr. 33). To establish entitlement to benefits, Plaintiff has the burden of proving that she was disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

(1) whether claimant is engaged in substantial gainful activity - if yes, not disabled;

(2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509 - if no, not disabled;

(3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the

---

[1] Under the Social Security Act, 42 U.S.C. § 301, the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

|     | listings in appendix 1, and meets the duration requirement - if yes, disabled; |
| --- | --- |
| (4) | whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled; and |
| (5) | whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled. |

20 C.F.R. § 404.1520(a)(4)(i-v).

The burden of production and proof rests with the claimant during the first four steps; if claimant is able to carry this burden, then the burden shifts to the Commissioner at the fifth step to show that work the claimant could perform is available in the national economy. Pass, 65 F.3d at 1203; Monroe v. Colvin, 826 F.3d 176, 179-80 (4th Cir. 2016). In this case, the ALJ determined at the fifth step that Plaintiff was not disabled. (Tr. 39).

First, the ALJ determined that Plaintiff had not engaged in any substantial gainful activity since May 17, 2012, his alleged disability onset date. (Tr. 35). At the second step, the ALJ found that "desiccation dehydration L3-4 through L5-S1; ventral extradural effacement of thecal sac at L5-S1; broad-based bulge with left foraminal entry zone focal protrusion at L5-S1; a speech and language impairment; and obesity, were severe impairments."[2] (Tr. 35). At the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1. (Tr. 36).

---

[2] The determination at the second step as to whether an impairment is "severe" under the regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage. See Bowen v. Yuckert, 482 U.S. 137 (1987).

5

Next, the ALJ assessed Plaintiff's RFC and found that he retained the capacity to perform light work activity, with the following limitations:

> he can lift and/or carry and push or pull 20 pounds occasionally and 10 pounds frequently. He can stand and/or walk with normal breaks for six hours in an eight-hour workday and sit with normal breaks for six hours in an eight-hour workday. He has no limitation in the upper or lower extremities in pushing or pulling or operation of hand or foot controls up to the limitations of twenty and ten pounds as stated initially. He has speaking difficulty and would need to be limited to written instructions, with only occasional oral instructions if required for job.

(Tr. 36-37). In making his finding, the ALJ specifically stated that he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and SSRs 96-4p and 96-7p." (Tr. 37).

At the fourth step, the ALJ held that Plaintiff could not perform his past relevant work, which was janitorial services at a hospital and custodial services at an education facility. (Tr. 39). At the fifth and final step, the ALJ concluded based on the testimony of the VE and "considering the claimant's age, education, work experience, and residual functional capacity" that jobs existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 39). Specifically, the VE testified that according to the factors given by the ALJ, occupations claimant could perform included representative occupations such as bagger, hand bander, and gluer. (Tr. 40). Therefore, the ALJ concluded that Plaintiff was not under a "disability," as defined by the Social Security Act, at any time between May 17, 2012, and the date of his decision, July 21, 2015. (Tr. 40).

Plaintiff on appeal to this Court makes the following assignments of error: 1) the ALJ erred in his Step 3 analysis of listed impairments, especially Listing 1.04; and (2) the ALJ failed to give proper weight to the treating physician's opinion. (Document No. 13, p.5-6). Because the

Court finds that the first issue provides sufficient cause for remand, the undersigned will address only that issue and dispense with any further analysis.

**Step 3 Analysis of Listed Impairments**

As stated in the procedural summary above, the ALJ determined that Plaintiff did not meet or equal a Listed Impairment. (Tr. 36). In his sparing analysis in the section of the decision addressing this issue, the ALJ states in pertinent part:

> Nothing in the record supports a finding that the claimant meets or equals a listed impairment, including Medical Listings 1.02 and 1.04…. With regard to Medical Listing 1.04 for disorders of the spine, the claimant does not have the required evidence of nerve root compression characterized by neuro-anatomic distribution of pain, spinal arachnoiditis, or lumbar stenosis resulting in pseudo-claudication.

(Tr. 36). In the preceding section of the decision regarding severe impairments, the ALJ does describe some of the medical findings regarding Plaintiff's back condition. (Tr. 35-36).

As his first assignment of error, Plaintiff argues that the ALJ erred in that he provided an inadequate explanation of his conclusion that the facts do not rise to constitute a Listed Impairment, specifically Listing 1.04. (Document No. 13, pp. 5-12). Plaintiff argues that the ALJ found a number of severe impairments related to his back, but did not properly analyze or explain why these did not combine to satisfy Listing 1.04. Plaintiff argues:

> The ALJ found that among others, Mitchell's severe impairments included "desiccation dehydration L3-4 through L5-S1; ventral extradural effacement of thecal sac at L5-S1; broad-based bulge with left foraminal entry zone focal protrusion at L5-S1." (Tr. 35) When reaching Step 3 of the Sequential Evaluation process, when discussing Listing 1.04, the ALJ makes only conclusory statements saying, in part, that Mitchell "does not have the required evidence of nerve root compression." (Tr. 36) This is not an adequate analysis at Step 3. The ALJ's analysis at Step 3 is incomplete. The ALJ must "build an accurate and logical bridge from the evidence to his conclusion." Monroe v. Colvin, 826 F.3d 176 (4th Cir. 2016). Without a bridge between the evidence and the ALJ's conclusion

7

> the Court cannot engage in a meaningful review of the ALJ's decision to determine if it is in fact supported by substantial evidence. See also, Brown v. Colvin, 639 Fed. Appx. 921 (4th Cir. 2016) (The Court may not mine the facts in the record to justify the ALJ's decision).

(Document No. 13, p.6).

Plaintiff relies in part on the Fourth Circuit's decision in Radford v. Colvin, 734 F.3d 288 (4th Cir. 2013), a case involving Listing 1.04. In a table stretching four pages in his brief, Plaintiff sets forth the criteria for a 1.04 Listing, the supporting medical evidence in the record, the date of that evidence, and the record page number of that evidence. (Document No. 13, pp.7-10). Then, Plaintiff quotes the Radford opinion:

> We hold that Listing 1.04A requires a claimant to show only what it requires him to show: that each of the symptoms are present, and that the claimant has suffered or can be expected to suffer from nerve root compression continuously for at least 12 months.

(Document No. 13, p. 10) (quoting Radford, 734F.3d at 254).

In short, Plaintiff argues that the ALJ must explain its conclusion that Plaintiff has failed to show that a Listed Impairment has been met or equaled. (Document No. 13, pp. 10-12). Here, Plaintiff argues, there was evidence to support the Listing, or at least create a close question, and therefore the ALJ's two sentence analysis is simply not adequate. (Document No. 13, p.11). This Court, Plaintiff would say, certainly needs more in order to conduct a meaningful review.

Defendant, of course, takes a different view. Defendant argues, presumably based upon the ALJ's discussion of selected medical records in the section of its opinion devoted to severe impairments, that Plaintiff has failed to meet his burden under the case law and the social security regulations. (Document No. 15, pp.5-8). The Government asserts:

> The ALJ in this case correctly found that Plaintiff's back impairments did not meet or equal all of the above requirements of Listing 1.04A. It is well established that "[f]or a claimant to show

8

> that his impairment matches a listing, it must meet all of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) (emphasis in original). The ALJ correctly explained that the evidence did not show nerve root compression characterized by neuro-anatomic distribution of pain (Tr. 36). The ALJ discussed records from Carolina Neurosurgery and Spine Associates documenting visits made between 2012 and 2015, which showed degenerative lumbar disc disease and spondylosis with complaints of numbness and pain, but normal physical examination by Dr. Vemuri (Tr. 35). Moreover, the ALJ noted that Plaintiff lives alone, cooks his own meals, and performs his own chores with only some assistance from his mother - and thus, he has not demonstrated the requisite loss of function that the listing requires (Tr. 38, Section 1.00B of 20 C.F.R., Part 404, Subpt. P, App. 1).
>
> The ALJ's step three finding is further supported by the July 12, 2013 opinion of State agency medical consultant Evelyn Jimenez-Medina, M.D., which the ALJ adopted. Dr. Jimenez-Medina found that Plaintiff's back impairments did not meet or equal any part of Listing 1.04 (Tr. 38, 92). Dr. Jimenez-Medina specifically noted no sensory deficits or muscle weakness (Tr. 38, 92). Further, the signature of a State agency medical consultant on a Disability Determination and Transmittal Form ensures that a designated medical expert has considered the question of medical equivalence, as well. *SSR 96-6p*, 1996 WL 374180 (S.S.A.). Thus, substantial evidence supports the ALJ's conclusion that Plaintiff's back impairments did not meet or equal Listing 1.04A. And, as noted in section III, above, the relevant inquiry for the court is whether substantial evidence supports the ALJ's decision. In this instance, it does.

(Document No. 15, p.6).

In essence, Defendant argues that, between his summary of some of the relevant medical records regarding Plaintiff's back condition and his somewhat conclusory two statements in the section of the decision dealing directly with the Listing, the ALJ offered a sufficient explanation. Defendant asserts that Plaintiff has the burden to show that all of the required medical criteria have been meet for the period of time required by the Fourth Circuit's Radford decision; and he has not met that burden. (Document No. 15, p.7).

9

The undersigned is particularly concerned that Defendant's citation to the ALJ decision is inaccurate, or at least incomplete. (Document No. 15, p.6). It appears that findings attributed to the ALJ and/or Dr. Jimenez-Medina are not explicitly supported by the record Defendant cites. See Id. (citing Tr. 38, 92). Thus, more explanation by the ALJ would have been helpful.

While the undersigned concludes this is a close question, it appears that this matter should be remanded. Plaintiff has mustered a formidable argument that the Listing in question was met. In that context, it seems particularly important that the ALJ's explanation *of his actual analysis* of the question of the Listing was so sparing. Given these circumstances, the undersigned is mindful of an observation of the Fourth Circuit in the Radford case:

> Given the depth and ambivalence of the medical record, the ALJ's failure to adequately explain his reasoning precludes this Court and the district court from undertaking a "meaningful review" of the finding that Radford did not satisfy Listing 1.04A, Kastner v. Astrue, 697 F.3d 642, 648 (7th Cir. 2012).

Radford, 734 F.3d at 296.

The Court of course knows it is not its role to re-weigh the evidence. However, again in the context of whether the ALJ explained his position sufficiently, the undersigned notes the following. During the hearing before the ALJ, Plaintiff testified he had "two to three bad days a week" where "his pain is so severe" he would "mostly just take the medicine and . . . lay down." (Tr. 56). Interestingly, the vocational expert testified that missing just two days of work per month due to "symptom interference" would eliminate all jobs Plaintiff might do. (Tr. 65).

## CONCLUSION

ALJs have a difficult job. On these facts, the Court respectfully concludes that the ALJ did not adequately explain his decision that Plaintiff had not satisfied the burden to show that his

10

Case 3:17-cv-00003-RJC-DCK   Document 17   Filed 02/21/18   Page 10 of 11

condition met or equaled a Listed Impairment, specifically Listing 1.04.  This matter should be remanded for further proceedings.

## RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that: Plaintiff's "Motion For Summary Judgment" (Document No. 12) be **DENIED**; "Commissioner's Motion For Summary Judgment" (Document No. 14) be **DENIED**;  and the Commissioner's determination be **VACATED**, and this matter be **REMANDED** for further proceedings.

## TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed **within fourteen (14) days** of service of same.  Responses to objections may be filed within fourteen (14) days after service of the objections.  Fed.R.Civ.P. 72(b)(2).  Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to de novo review by the District Court.  Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005).  Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal.  Diamond, 416 F.3d at 316;  Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003);  Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989);  Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: February 21, 2018

David C. Keesler
United States Magistrate Judge