UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:17-CV-003-RJC-DCK

| | |
|---|---|
| JEWEL R. MITCHELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) ORDER |
| NANCY A. BERRYHILL,[1] | ) |
| Acting Commissioner of | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

**THIS MATTER** comes before the Court on Jewel R. Mitchell's ("Plaintiff") Motion for Summary Judgment, (Doc. No. 12), his Memorandum in Support, (Doc. No. 13), Nancy A. Berryhill's ("Defendant" or "Commissioner") Motion for Summary Judgment, (Doc. No. 14), her Memorandum in Support, (Doc. No. 15); and the Magistrate Judge's Memorandum and Recommendation ("M&R"), (Doc. No. 17), recommending this Court remand these proceedings for further clarification regarding the ALJ's step-three findings in the sequential analysis. Defendant has submitted a timely objection, (Doc. No. 18), to which the Plaintiff has submitted a reply, (Doc. No. 19). The Motions are now ripe for the Court's consideration.

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill has been substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit.

## I. BACKGROUND

No party has objected to the Magistrate Judge's statement of the factual and procedural background of this case. Therefore, the Court adopts the facts as set forth in the M&R.

## II. STANDARD OF REVIEW

A district court may assign dispositive pretrial matters, including motions to dismiss, to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(A) & (B). The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). De novo review is also not required "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Similarly, when no objection is filed, "a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72, advisory committee note).

## III. DISCUSSION

On appeal, Plaintiff asks the Court to remand the ALJ's decision finding Plaintiff not disabled under the Social Security Act. In doing so, Plaintiff argues that the ALJ erred by failing to give adequate reasoning to support both his step three findings and his rejection of Plaintiff's treating physician's opinion. (Doc. No. 13). In his M&R, the Magistrate Judge agreed with Plaintiff's first argument and recommended the Court remand the case for further proceedings on that basis. (Doc. No. 17). Specifically, the Magistrate Judge found that "Plaintiff has mustered a formidable argument that the Listing in question was met. In that context, it seems particularly important that the ALJ's explanation of his actual analysis of the question of the Listing was so sparing." (Id. at 10).

Defendant objects to the Magistrate Judge's M&R, asserting that the ALJ sufficiently explained his reasoning as to why Plaintiff's back symptoms did not meet the requirements of Listing 1.04(A), disorders of the spine. (Doc. No. 18). Defendant maintains that: (1) the ALJ specified that Plaintiff did not show the required symptoms to find nerve root compression; (2) an ALJ's reasoning in step three does not need to match the more thorough narrative RFC analysis; (3) Plaintiff failed to show that alleged symptoms showing nerve root compression lasted for 12 months; (4) the ALJ's adoption of Dr. Jimenez-Medina's opinion supports the step three finding; and (5) the Magistrate Judge did not determine whether any possible step three error constituted harmless error. (Id.). For the reasons stated below, the Court

reaches the same conclusion as the Magistrate Judge, albeit through slightly different means.

In his decision, during step two, the ALJ found that Plaintiff had the following severe impairments: "desiccation dehydration L3-4 through LS-Sl; ventral extradural effacement of thecal sac at LS-Sl; broad-based bulge with left foraminal entry zone focal protrusion at LS-Sl; a speech and language impairment; and obesity." (Tr. 35). Then, during step three, the ALJ concluded that Plaintiff had no impairments, or combination of impairments, that met the severity of one of the Listings. (Tr. 36). Specifically, the ALJ stated that Plaintiff failed to meet the requirements of Listing 1.04(A), disorders of the spine, because "the claimant does not have the required evidence of nerve root compression characterized by neuro-anatomic distribution of pain, spinal arachnoiditis, or lumbar stenosis resulting in pseudo-claudication." (Id.).

The ALJ thus presented three reasons why Plaintiff did not meet Listing 1.04(A). These reasons alone separate the ALJ's decision from the cases where the Fourth Circuit found insufficient explanation. In those cases, Courts found no explanation whatsoever. For instance, in Radford v. Colvin, the ALJ "provided *no* basis for his conclusion, except to say that he had 'considered, in particular,' the listings above, and had noted that state medical examiners had also 'concluded after reviewing the evidence that no listing [was] met or equaled.'" 734 F.3d 288, 292 (4th Cir. 2013) (emphasis added). Similarly, in Fox v. Colvin, the ALJ's full step three analysis stated,

> Although the claimant has "severe" impairments, they do not meet the criteria of any listed impairments described in Appendix 1 of the Regulations (20 CFR, Subpart P, Appendix 1). No treating or examining physician has mentioned findings equivalent in severity to the criteria of any listed impairment, nor does the evidence show medical findings that are the same or equivalent to those of any listed impairment of the Listing of Impairments. In reaching this conclusion, the undersigned has considered, in particular, sections 9.00(B)(5) and 11.14.

632 F. App'x 750, 754–55 (4th Cir. 2015); see also Henson v. Berryhill, No. 1:15-CV-00123-RJC, 2017 WL 5195882, at *6 (W.D.N.C. Nov. 9, 2017) (where this Court found step three analysis insufficient where the ALJ summarily wrote, "There are insufficient findings on either examination or diagnostic test workup to confirm the presence of an impairment or combination of impairments which meets or equals the criteria of any impairment listed therein.").

On the other hand, sufficient reasoning existed in cases such as Ruff v. Colvin, where the Court concluded,

> The ALJ appears to have considered Listings 1.04A, B, and C, and he specifically found that "the record does not otherwise contain evidence of compromise of a nerve root (including the caudaequina), limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness), spinal arachnoiditis, or lumbar spinal stenosis resulting in pseudoclaudication and an inability to ambulate effectively."

No. 1:12-CV-165-RJC, 2013 WL 4487502, at *5 (W.D.N.C. Aug. 20, 2013). This Court reached a similar step-three conclusion in Henderson v. Colvin, which the Fourth Circuit affirmed but ultimately reversed the case on other grounds. No. 2:14-CV-3-RJC, 2015 WL 1470996, at *2 (W.D.N.C. Mar. 31, 2015), aff'd in part, rev'd in part and remanded, 643 F. App'x 273 (4th Cir. 2016). In Henson, the ALJ found that the claimant failed to show nerve root compression, including motor loss accompanied by

sensory or reflex loss.  Henson, 643 F. App'x at 276.  The Fourth Circuit affirmed this Court's finding that that the ALJ's explanation sufficed and that the claimant failed to show that the ALJ's conclusion was not supported by substantial evidence.

Turning to the present case, the Court finds that the ALJ did not fail in supplying sufficient reasoning.  Plaintiff failed to meet Listing 1.04A because of there was no evidence of: (1) nerve root compression characterized by neuro-anatomic distribution of pain; (2) spinal arachnoiditis; or (3) lumbar stenosis resulting in pseudo-claudication.  (Tr. 36).  So, by virtue of the fact that the ALJ even mentioned what portions of the Listing Plaintiff failed to meet, the Court does not find a situation directly comparable to cases such as Radford.  But that does not end the inquiry.  The question, therefore, becomes whether Plaintiff can prove that the ALJ's reasoning lacks substantial supporting evidence.  See Henson, 643 F. App'x at 276 (questioning whether the claimant "undercut substantial conflicting evidence in the record").  Here, Plaintiff does just that.  He undermines the ALJ's reasoning, warranting a remand for further explanation.

To meet Listing 1.04, disorders of the spine, a claimant may show evidence of nerve root compression.  20 C.F.R. Part 404, Subpart P, App. 1, § 1.04A.  Proving the existence of nerve root compression requires evidence of: "[1] neuro-anatomic distribution of pain, [2] limitation of motion of the spine, [3] motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, [4] positive straight-leg raising test (sitting and supine)[.]"  Id.  It is the first element, neuro-anatomic distribution of

pain, that the ALJ specified was not present to warrant a finding of nerve root compression. (Tr. 36). Plaintiff, however, presents sufficient evidence in the record to undermine this reasoning.[2]

Plaintiff successfully reveals a hole in the ALJ's step-three explanation by pointing to Dr. Sameer Vemuri's opinion. (Id. at 8) (citing Tr. 299). In this opinion, Dr. Venmusi found that,

> There is **NO electrodiagnostic evidence to suggest or diagnose the presence of an ACUTE radiculopathy involving the L4-S1 nerve root territories bilaterally** at this time.
>
> There is electrodiagnostic evidence to suggest the presence of a **CHRONIC radiculopathy involving the S1 and L4 nerve root territories bilaterally** at this time. Clinical correlation with history, physical exam and imaging studies may be indicated.

(Tr. 299) (emphasis in original). The ALJ points to this exact language in his step two analysis to support his findings of Plaintiff's severe impairments. (Tr. 35–36). Interestingly though, the ALJ does not analyze the impact of this finding in regards to nerve root compression generally or neuro-anatomic distribution of pain specifically.

---

[2] Importantly, the Court does not find all of Plaintiff's citations to the record persuasive. Many of Plaintiff's citations are made without any regard as to the ALJ's credibility findings of the cited opinions or the type of medical professional that conducted the opinion. For example, Plaintiff cites Dr. Jarrell's opinion to support the presence of neuro-anatomic distribution of pain. (Doc. No. 13 at 8) (citing Tr. 421). The ALJ, however, assigned Dr. Jarrell's opinion no weight because it gave inconsistent findings. (Tr. 38). In another cite for neuro-anatomic distribution of pain, Plaintiff merely points to the statements she relayed to the doctor rather than what the doctor found. (Doc. No. 13) (citing Tr. 532). The ALJ, however, found that Plaintiff's allegations were not wholly credible or supported by objective evidence within the medical record.

Perhaps if the ALJ discussed Plaintiff's alleged nerve root compression in relation to Dr. Venmuri's opinion later on in his decision, the Court may have agreed with Defendant and affirmed the ALJ's decision. See McDaniel v. Colvin, No. 2:14-CV-28157, 2016 WL 1271509, at *8 (S.D.W. Va. Mar. 31, 2016) (referencing the remainder of the ALJ's opinion to reconcile the ALJ's summary dismissal of any evidence suggesting nerve root compression). The ALJ, however, fails to even mention Dr. Venmuri's opinion in the RFC. Rather, the ALJ applies a blanket conclusion to those opinions, like Dr. Venmuri's, that he did not assign weight to within the RFC. The ALJ merely stated, "As for other opinion evidence, no treating or examining physician has offered an opinion sufficient upon which to assess the claimant's residual functional capacity." (Tr. 38). As a result, the Court is left guessing to justify the ALJ's the step-three conclusion. This frustrates meaningful review.

## IV. CONCLUSION

Because the Court finds error in the ALJ's step-three analysis, it remands this case to the ALJ pursuant to Sentence Four of 42 U.S.C. §405(g) for further proceedings. The Court did not address Plaintiff's remaining arguments but the ALJ should take note of them on remand.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's "Motion For Summary Judgment," (Doc. No. 12), is **DENIED**;
2. "Commissioner's Motion For Summary Judgment," (Doc. No. 14), is **DENIED**; and

3. The Commissioner's determination be **VACATED**, and this matter be **REMANDED** for further proceedings.

Signed: March 30, 2018

Robert J. Conrad, Jr.
United States District Judge