## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL ACTION NO.  3:17-CV-003-RJC-DCK

| | | |
|---|---|---|
| **JEWEL R. MITCHELL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **ORDER** |
| | ) | |
| **ANDREW SAUL,** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Motion For Attorney's Fees Under The Social Security Act" (Document No. 25).   This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B) and is now ripe for disposition. Having carefully considered the motion, the record, and applicable authority, the undersigned will grant the motion.

By the instant motion, Plaintiff's counsel seeks an award of attorney fees under the Social Security Act, 42 U.S.C. § 406(b), which provides that a "court may determine and allow as part of its judgment a reasonable fee . . . not in excess of 25 percent of the total of the past due benefits to which claimant is entitled by reason of such judgment."   It appears that the Social Security Administration ("SSA") has determined that Plaintiff's past due benefits are $66,713.22. (Document No. 26, p. 1).  The SSA has withheld $11,587.13 from Plaintiff's past-due benefits to pay his representative(s).  (Document No. 26-1).  An Administrative Law Judge has already approved a fee of $7,500.00 for administrative services before the SSA.  (Document No. 26, p. 2; Document No. 26-4).

The undersigned notes that Plaintiff's "Consent Motion For Fees Pursuant To The Equal Justice Act…" (Document No. 21) sought, and was allowed, attorney's fees in the amount of $5,100.00. (Document No. 23). Plaintiff's counsel now asserts that the EAJA attorney fees will be reimbursed to Plaintiff upon award and receipt of the § 406(b) fees. (Document No. 26, p. 2).

Relevant caselaw provides that a court should review contingent-fee agreements, such as the one here, for reasonableness. Griffin v. Astrue, 1:10-CV-115-MR, 2012 WL 3155578 at *2 (W.D.N.C. August 2, 2012) (citing Gisbrecht v. Barnhart, 535 U.S. 789 (2002) and Mudd v. Barnhart, 418 F.3d 424 (4th Cir. 2005)).

Plaintiff's counsel now seeks an award of $9,178.30 in attorney's fees. (Document No. 25; Document No. 26, p. 2). In response, Defendant states it "neither supports nor opposes counsel's request for attorney's fees in the amount of $9,178.30, pursuant to 42 U.S.C. § 406(b)." (Document No. 27, p. 1).

Based on the foregoing, and the parties' briefs, the undersigned is satisfied that Plaintiff's request for fees is reasonable and consistent with applicable authority.

**IT IS, THEREFORE, ORDERED** that "Plaintiff's Motion For Attorney's Fees Under The Social Security Act" (Document No. 25) is **GRANTED**. The Court awards Plaintiff's counsel fees in the amount of **$9,178.30**.

**IT IS FURTHER ORDERED** that upon receipt of the requested fee, counsel shall promptly refund Plaintiff Jewel R. Mitchell in the amount of **$5,100.00**

**SO ORDERED**.

Signed: April 22, 2020

David C. Keesler
United States Magistrate Judge